UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LAWRENCE GARVEY

        Plaintiff

v.
                                                  Civil Action No.   6:14-CV-0198 (LEK/ATB)

PORTFOLIO RECOVERY ASSOCIATES, LLC

        Defendant

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through his counsel, Selbach Law Firm, PLLC, complaining of the Defendant, respectfully allege, upon information and belief, as follows:

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

**III. PARTIES**

3. Plaintiff is a natural person residing in the County of Oneida and State of New York.

4. Upon information and belief, Portfolio Recovery Associates, LLC ("Portfolio") is a limited liability company and one of its principal purposes is the collection of debts using the mails and telephone, and it to collect debts alleged to be due another with principal offices located

at 120 Corporate Boulevard, Norfolk, Virginia, 23502. The causes of action stated herein arise from the said jurisdictional acts.

## IV. FACTUAL ALLEGATIONS

5. Upon information and belief, GE Capital Retail Bank ("GECRB") is a bank organized and existing under the laws of the Utah and transacts business or contracts to supply services in New York with its principal place of business located at 170 West Election Road, Ste 125, Draper, Utah 84020.

6. Upon information and belief, Leading Edge Recovery Solutions, LLC ("Leading Edge") is a limited liability company and one of its principal purposes is the collection of debts using the mails and telephone, and it to collect debts alleged to be due another.

7. The Plaintiff allegedly had an indebtedness with GECRB in the approximate sum of $4,480.60 (account number ending in 4636) ("the Account").

8. GECRB engaged the services of Leading Edge as it's agent to collect the Account.

9. The Plaintiff settled the account with GECRB's agent (Leading Edge) by the payment of $1,792.24. In exchange for the payment of $1,792.24, GECRB fully released the Plaintiff with respect to the Account. Attached hereto and made a part hereof as Exhibit A are copies of correspondence from Plaintiff's counsel and the paid check in the sum of $1,792.24.

10. By way of the settlement, GECRB forgave the sum of $2,688.36. ($4,480.60 less $1,792.24).

11. Upon information and belief, Leading Edge reported to GECRB that the Account had been settled as set forth herein.

12. Subsequent to the settlement of the Account, GECRB engaged the services of Portfolio to collect the forgiven amount on the Account, i.e., $2,688.36.

13. On or about June 10, 2013, Portfolio sent the Plaintiff a written demand to pay with respect to the said forgiven amount, a copy of which is attached hereto and made a part hereof as Exhibit B.

## V. CLAIM FOR RELIEF

14. The foregoing allegations are repeated, realleged and incorporated by reference herein.

15. Defendant, by reason of the aforesaid conduct, violated the FDCPA.

16. Defendant in violation of 15 U.S.C. §1692e(2)(A), sent a document which contained a false representation as to the character, amount, or legal status of the debt, i.e., that the Plaintiff owed the debt, which was false as the debt had been discharged by payment.

17. Defendant, in violation of 15 U.S.C. §1692e(2)(A), by sent a document which contained a false representation as to the character, amount, or legal status of the debt, i.e., that the Plaintiff was required to pay the debt, which was false as the debt had been discharged by payment.

18. The aforesaid conduct has caused the Plaintiff severe stress and aggravation.

19. As a result of the aforesaid violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress. In addition, an award of statutory damages, costs and attorneys' fees is warranted and appropriate.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

(d) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED

DATED:  Syracuse, New York
        February 27, 2014

                                      SELBACH LAW FIRM, PLLC


By: /s/James F. Selbach, Esq.
    James F. Selbach, Esq.
    Suite 290
    290 Elwood Davis Road
    Syracuse, New York 13088
    315.471.6611

*Attorneys for Plaintiffs*